IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANET LEIGH FRANKLIN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 04-1513 GMS |
| | : |
| MBNA CORP., | : TRIAL BY JURY DEMANDED |
| | : |
| Defendant. | : |

## ANSWER

Defendant answers Plaintiff's Complaint as follows:

1. This paragraph states a legal conclusion as to which no response is required. To the extent that a response is deemed required, the allegation is denied.

2. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

3. Admitted.

4. Denied.

5. Denied.

6. Denied.

7. Admitted.

8. Admitted.

9. Defendant is without sufficient knowledge to admit or deny when Plaintiff received a Notice-of-Right-to-Sue letter from the Equal Employment Opportunity Commission ("EEOC"). By way of further answer, Defendant admits that the EEOC issued a Notice-of-

Right-to-Sue on November 29, 2004. A copy of the Notice-of-Right-to-Sue was not attached to the complaint served on Defendant.

      10.     Denied.

      11.     Denied.

      12.     Admitted.

      13.     This paragraph states a legal conclusion as to which no response is required. To the extent that a response is deemed required, the allegation is denied.

      14.     This paragraph states a legal conclusion as to which no response is required. To the extent that a response is deemed required, the allegation is denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to exhaust administrative remedies and/or other applicable federal or state statutes of limitation, jurisdictional and/or administrative requirements.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part because at all times Defendant made a good faith effort to comply with applicable law, acted lawfully and with legitimate non-discriminatory business reasons that were not a pretext for unlawful discrimination.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has waived or is estopped from asserting her claims.

### SIXTH AFFIRMATIVE DEFENSE

The doctrine of after-acquired evidence may apply to bar some or all of Plaintiff's claims.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her voluntary leave and/or refusal to return to employment.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant had in effect at all relevant times a procedure for employees to address claims of harassment or other discriminatory or retaliatory treatment and Defendant exercised reasonable care to prevent and properly correct any discriminatory or retaliatory treatment, but Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities or to avoid harm otherwise.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable federal or state statutes of limitations, jurisdictional, and/or administrative requirements.

WHEREFORE, Defendant respectfully requests that this action be dismissed with prejudice, with costs and attorneys' fees assessed against Plaintiff.

                            YOUNG CONAWAY STARGATT & TAYLOR, LLP

                            /s/ Adria B. Martinelli
                            Sheldon N. Sandler, Esquire (No. 0245)
                            Adria B. Martinelli, Esquire (No. 4056)
                            The Brandywine Building
                            1000 West Street, 17th Floor
                            P.O. Box 391
                            Wilmington, Delaware  19879-0391
                            Telephone: (302) 571-6673; (302) 571-6613
                            Facsimile: (302) 576-3330; (302) 576-3314
                            Email:  ssandler@ycst.com; amartinelli@ycst.com
                            Attorneys for Defendant

Dated:  June 28, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2005, I electronically filed a true and correct copy of the foregoing Answer with the Clerk of the Court using CM/ECF.

I further certify that on June 28, 2005, I served the foregoing Answer on the following non-registered participant in the manner indicated below:

>Janet L. Franklin, Pro se (First Class Mail)
>827 Sabina Circle
>Bear, DE 19701

>YOUNG CONAWAY STARGATT & TAYLOR, LLP

>/s/ Adria B. Martinelli
>Sheldon N. Sandler, Esquire (No. 0245)
>Adria B. Martinelli, Esquire (No. 4056)
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, Delaware  19879-0391
>Telephone: (302) 571-6673; (302) 571-6613
>Facsimile: (302) 576-3330; (302) 576-3314
>Email:  ssandler@ycst.com; amartinelli@ycst.com
>Attorneys for Defendant

Dated:  June 28, 2005