IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANET LEIGH FRANKLIN, | ) | |
| | ) | |
| Plaintiff, *Pro Se*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1513 (GMS) |
| | ) | |
| MBNA CORP., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

On December 13, 2004, plaintiff Janet Leigh Franklin filed the above-captioned discrimination action pursuant to Title VII, and was granted leave to proceed *in forma pauperis*. Presently before the court is Franklin's motion for appointment of counsel. (D.I. 13.) For the following reasons, the court will deny her motion.

Franklin began working for the defendant MBNA Corp. ("MBNA"), on March 13, 1990.[1] At some point during the course of her employment, two of Franklin's co-workers began harassing her on the job. As a result, Franklin went on short term disability leave. While on disability leave, Franklin repeatedly requested a transfer to a different department. MBNA denied those requests and asked her to resign – which she did. Soon thereafter, Franklin filed charges with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on disability. The EEOC issued a Notice of Right to Sue letter on November 11, 2004. Following receipt of the EEOC letter, Franklin filed the instant action in a timely manner.

In a civil case, a plaintiff has no constitutional or statutory right to the appointment of counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 153-54 (3d

---

[1] For the purpose of deciding Franklin's motion for appointment of counsel, the court will adopt the version of the facts alleged in the complaint. (D.I. 2.)

Cir. 1993). Nevertheless, under certain circumstances, the court may in its discretion request an attorney to represent an indigent civil litigant. 28 U.S.C.A. § 1915(e)(1) (Supp. 2005). In *Tabron*, and again in *Parham*, the Third Circuit set forth the standard for evaluating a motion for the appointment of counsel by a *pro se* plaintiff. First, the court must examine the merits of a plaintiff's claim. Only if the court is satisfied that the claim has some arguable merit in fact and law should it then examine the following factors: (1) the ability of the plaintiff to present her case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and the ability of the plaintiff to pursue such an investigation; (4) the degree to which the case may turn on determinations of credibility; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can afford to retain counsel on her own behalf. *Parham*, 126 F.3d at 457-58 (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is illustrative and by no means exhaustive. *Id.* at 458. Nevertheless, it provides a sufficient foundation for the court's decision.

At a minimum, Franklin's claims appear to rise above the level of frivolity. Additionally, Franklin has thus far demonstrated an ability to represent herself – she has filed a complaint, a motion to reopen her case, a motion to seal, exhibit and witness lists, and a motion for appointment of counsel. Furthermore, the legal issues in this case are not particularly complex, and many of the relevant facts are within Franklin's personal knowledge. Thus, several factors weigh against appointing counsel. On the other hand, the outcome of the case may turn on credibility, expert testimony may eventually become necessary, and it does not appear that Franklin can afford counsel. However, the court notes that nearly every case turns on credibility. The question, therefore, is whether the possibility that expert testimony *may* become necessary, coupled with Franklin's inability

to pay, justifies appointing an attorney. Because resources for these types of appointments are scarce, the court must make such appointments with care. On balance, the court believes Franklin is capable of representing herself at this time. Consequently, her motion must be denied. Nevertheless, it will be denied without prejudice as to her ability to re-move the court for appointment of counsel should there be an intervening change in circumstances that would materially alter the court's reasoning.

IT IS HEREBY ORDERED THAT:

    The plaintiff's motion for appointment of counsel (D.I. 13) be DENIED without prejudice.

Dated: February 17, 2006

_____
UNITED STATES DISTRICT JUDGE

**FILED**

FEB 17 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE