UNITED STATES DISTRICT COURT
For the State Of Delaware

<u>NOTICE OF MOTION FOR</u>
<u>SUMMARY JUDGMENT</u>

Janet Leigh Franklin; Plaintiff
         Vs.
MBNA Corp; Defendant
------------------------

CA# 04-1513  (GMS)

**Please take notice, that upon the Plaintiff's Affirmation, Pursuant
Rule 56(a) dated March 27th, 2006, with accompanying Motion for
Summary Judgment; and all papers submitted and proceeding
held herein, Plaintiff, by Pro Se, Pursuant to Rule 56(a) (c) of the Federal
Rule of Civil Procedure, will move on a date to be determined by the
court. At the United States Court House, 844 King Street, Wilmington, De. 19801, for
an order granting Summary Judgment in the Plaintiffs'
favor on the grounds that there are no genuine issues as to any material fact. That
the Plaintiff is entitled to Judgment as a matter of law and for such other and further
relief as this Court may deem just and proper.**

**Please take further notice, that pursuant to Rule (56) e of the <u>Federal
Rules of Civil Procedure,</u> that when a Motion for Summary Judgment
is made and properly supported, you may not simply rely on a denial,
but you must respond by affidavits, setting forth-specific facts showing that there is
a genuine issue of material facts. Any factual assertions in Plaintiff's affidavits will
be accepted by the District Judge (GMS) as being true unless you submit affidavits
or other documentary evidence contradicting Plaintiff's assertions. If you do not
respond, Summary Judgment maybe entered against you.**

**Please take notice that all Opposition papers, if any, must be served
by the date set by the court.**

**Dated: April 24, 2006**

**JANET L. FRANKLIN
P. O. BOX 580
BEAR, DE.  19701**



FILED

APR 2 6 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

by mail

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of the Plaintiff Janet L. Franklin. In support of her Motion Summary Judgment pursuant to **Fed. R. CIV. P 56 (a).**

In Plaintiff's Complaint [a copy of which is annexed to the Affirmation of Janet L. Franklin, as **Exhibits (I-VII),** brought pursuant to **42 U.S.C. 1981 et. Seq. 1983. 42 U.S.C. 2000], the Civil Rights Act of 1964, as well as Title VII of Public Law.** Plaintiff claims <u>inter alia,</u> that defendant: MBNA Corp. denied her equal protection under the right to due process as well as discrimination by denying her to return to work in another area because of a disability due from the harassment at work.

In 1991, 'Smoking Gun' not needed for workers to win judgments. Congress passed the Civil Rights Restoration Act.

**Fed. R. CIV. P 56 (a) "Catharina Costa vs. Caesars Palace 1994.**
Further, the defendant failed to answer the EEOC's complaint in a timely matter. Based upon the foregoing, this action should be granted in Plaintiff's favor in its entirety.

## STATEMENT & FACTS

Plaintiffs respectfully refer the court to Plaintiffs Affirmation, and Complaint for detailed recitation of the facts pertaining to this motion.

## Defendant failed to answer The Equal Employment Opportunity's Commission Right to Sue Letter.

### "Default"

I

Once the complaint had been served, an answer to the complaint must have been filed within 20 days (60 days if the defendant is of the United States Government or an agent thereof).

Defendant failed to answer the Plaintiffs' complaint. The Plaintiff served the complaint in accordance and pursuant to **Fed. R. CIV. P. 4 (c) (2)  (c) [II].** Clerk of this office had notified the Plaintiff, in this court and was informed that the defendant had not answered the complaint by motion or had requested an extension of time. **Rule 55-(a) (b) Fed. R. CIV. P. State in part;** "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by Affidavit or otherwise" (b) judgment by default may be entered".

II

Defendant has failed to establish that they have not violated Plaintiff's Constitutional Rights and accordingly Plaintiffs' claims must be granted.

**Rule 56 (c) The Federal Rules Of Civil Procedure** provides that the summary judgment "shall be rendered forthwith if the pleadings, deposition, answers to interrogatories and

affidavits, if any, show that there are no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of Law".

**Fed. R. CIV. P. 56 (c).** "An issue of fact is genuine when a reasonable jury could return a verdict for the nonmoving party; and facts are material to the outcome of the particular litigation of the substantive law at issue so renders them." **(42 U.S.C. 12101-12213 [John Shehee vs. City of Wilmington Dep't. of Parks and Recreation].** Prohibits discrimination against a qualified person in all practices.

The moving party bears the burden of demonstrating that a genuine issue exists as to any material Fact. **Linge vs. Norge Div. of Magic Chef, Inc., 108 s. ct. 1877 (1988).**

("In moving for summary judgment against a party who will bear the ultimate burden at trial, the motive may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party"). All ambiguities must be resolved, and all factual inference must be drawn in favor of the moving party. **The  U.S. EEOC sued MBNA. (Justus Eapen vs. MBNA, America).** **[Catalina Rivas vs. Wilmington Trust] (2003).**

If the moving party meets its burden, the nonmoving party may not rest upon mere allegations or denials...but, must set forth-specific facts showing that there is a genuine issue for trial. **Third Circuit Court of Appeals in Philadelphia, [John Shehee vs. City of Wilmington Dep't. of Parks and Recreation May, 2002].**

The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts". **[Gongales vs. Mert Systems Protection Board, 132 F.3d 53 (1996)].** Instead, the nonmoving party must come forward with "enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely on the basis of conjecture or surmise".

Thus, where little or no evidence exists in support of the non-moving party's case the moving party, may obtain summary judgment. When no rational jury could find in favor of the nonmoving party because, the evidence to support its case is so slight. There are no genuine issues of material fact and a grant of summary judgment is proper". **John Shehee vs. City of Wilmington, (42 U.S.C. 12101-12213).**

Indeed, "a party may not rely on mere conjecture as to the true nature of the facts to overcome a motion of summary judgment," 'Smoking Gun' not needed for workers to win judgments. In a rare victory for job-bias Plaintiffs the high court by a 9-0 vote said workers who sue do not need a smoking gun, memo or other "direct evidence" of discrimination.

Here defendant failed to allege or establish " <u>any Facts</u>" demonstrating that Plaintiffs Constitutional Rights were not violated.

III

In stead, they can take their cases to a jury as long as they can show some evidence that illegal bias was a "motivating factor" in their being fired or not hired- even if it was not the only factor. Plaintiff has delineated in defendants' claims and Affirmation so claims against defendant must be granted.

Plaintiff has established fault and causation on the part of the Defendant. See Affirmation, also **Catharina Costa vs. Caesar's Palace (1994), and also Catalina Rivas vs. Wilmington Trust (2003).**

The defendant created and allowed a policy to continue under which violations occurred, in that, they put the Plaintiff out of work, refused to place her somewhere else. Terminated and eventually forced her into early retirement. Plaintiff did not receive any paperwork to sign inference to the violations. Accordingly, the complaint should be granted, and Plaintiff is entitled to Summary Judgment.

## CONCLUSION

For the foregoing reason. This Action should be granted in its
Entirety

Dated: April 24, 2006

Submitted

Janet L. Franklin

**JANET L. FRANKLIN**
**P. O. BOX 580**
**BEAR, DE. 19701-0580**

*United States District Court*
*for the State of Delaware*

_____  _____

*Janet L. Franklin*

       *vs.*                                      *"Affirmation"*

*MBNA Corp.,*                              *Civ. 03-1513 (GMS)*

*Pursuant to 28 U.S.C 1746 Plaintiff, Janet L. Franklin, Proceeding Pro-se, does hereby affirm under penalty of perjury that the following is true:*

*1.) This action was commenced on or about April 24, 2003, by filing the complaint.*

*2.) The complaint and Form USM-285 order was served on Defendant (MBNA Corp.,) by the U.S. Marshall's office. A person authorized to serve the Complaint, etc, under Fed. R. Civ. P4 (c) by serving in person on or about May 16, 2005, as proof of service, a copy of the complaint and Form USM-285.*

*3.) The time to respond to this Complaint has expired and the defendant did not answer or make any motion in a timely matter herein, or have they been granted an extension, therefore they are now in default.*

*4.) The Witness List named in their individual and official capacity as employees of MBNA Corp., were sent to the court and the Defendants attorney by the Plaintiff, Janet L. Franklin who sought to have this matter reviewed in its entirety.*

## *Exhibit I. Whistle-Blowing*

*After the Plaintiff had reported an employee to Upper Management and Human Resources for cursing the Plaintiff for no apparent reason. Which wasn't the first time The outcome of the event was what the Plaintiff thought was the end of it.* **Renee Cofee-Williams**, *Supervisor of Human Resources asks the Plaintiff if she felt threatened in anyway because if you do we can move you. The Plaintiff said no because, she didn't know that things where going to change. [Through the days of which to come, Plaintiff informed her Supervisor* **(Judy Currinder)** *that things would never be the same].* **[R. Boyle** **"Review of Whistle-Blowing Protections and Suggestions for a change, Labor Law Journal, 41, No. 12 (December 1990), 821]. Industrial Relations Research Association (August 1992 Vol. 43 No. 8 pp. 495-507).**

## *Exhibit II. Discrimination*

*Health Services nurse* **Pegge Humphrey** *told the psychiatrist that they didn't have anywhere to place the Plaintiff and she would have to quit. Plaintiff told* **Pegge Humphrey** *that she would rather die than go back into that situation at work.* **Pegge Humphrey** *told Plaintiff they couldn't place her anywhere.*

**(Prohibits discrimination against a qualified person in all practices.)** *Due to the trauma of the foregoing event at MBNA, Plaintiff was deeply depressed and was readmitted to Rockford Center on March 19, 2003 for a 5-day evaluation. Moved in with sister when released from hospital. May 15, 2003 Plaintiff went to see her therapist, who informed the Plaintiff that MBNA was going to terminate her because "she didn't fit in".* **(42 U.S.C. 12101-12213) John Shehee vs. City of Wilmington (Dep't. of Parks and Recreation May, 2002). [Justus Eapen vs. MBNA Corp.] (March, 2003).**

*Under Americans with Disabilities Act no intent is required, but discrimination has to be shown.* **[Mayberry vs. Von Valtier, 62 N.W. 252] (E.D. Mich. 1994).**

### *Exhibit III*. *Harassment and Hostile Environment*

*In the days to come, Plaintiff informed **Supervisor, Human Resources, Health Services, and the Defendant's (L.C.S.W.)** of the harassment. The Plaintiff called Human Resources many times only for Renee Cofee-Williams to e-mail Plaintiff's Supervisor to inform her that the Plaintiff had to follow the chain of command.*

*The Plaintiff wasn't the only co-worker to suffer rude, belligerent abuse from Debbie Richards. It seemed obvious that most, if not all were afraid of her and hesitated to report her. Many times the Plaintiff informed her Supervisor of the harassment such as shoving, bumping into her and cursing Plaintiff. Even as far as threatened to slap Plaintiff.*

*When the Plaintiff informed her Supervisor of Debbie Richards and Tina Cordill of the constant aggressive behavior. The Supervisor told Plaintiff that the Plaintiff was paranoid and it was all in the Plaintiff's head.*

*"Smoking Gun" not needed for workers to win judgments. In a rare victory for job-bias plaintiffs the high court by a 9-0 vote said workers who sue do not need a "smoking gun" memo or other "direct evidence" of discrimination. Instead, they can take their cases to a jury as long as they can show some evidence that illegal bias was a "motivating factor" in the Plaintiff being fired.*

*The Plaintiff followed the chain of command. Supervisor said "you've moved your seat, you're not responding to their gestures and remarks." Plaintiff hearing voices, seeing bugs crawl when they're not there and having terrible nightmares.*

*The harassment went on for months. The Plaintiff felt she had no one to talk to at work. She didn't want to worsen a bad situation that all ready existed. After the Plaintiff's first break down Dr. Desai said there's no way that you can go back into that Hostile Environment. **(Davis vs. Monsanto***

*Chemical Co. 858 F. 2d 345) (6th Cir. 1988).*

*Plaintiff asks many times to be moved elsewhere. The Supervisor's response was you can't be moved "because you're on a verbal warning". Plaintiff found out later that with a verbal warning you could post out per Human Resources.* **The Company and Defendant's policy is zero tolerance.** *Requested numerous times for recent reviews, policies and procedures. Debbie Richards told (Robin Kelly) to kiss her ass. When Robin walked back to Debbie's desk, Debbie gave Robin the middle finger.*

*The courts follow a general guideline on constructive discharge. If the Defendant creates or lets working conditions that are so intolerable that a reasonable person is forced to quit voluntarily, the termination is not voluntary, but a discharge. The Plaintiff would then have the same remedies under the law as if the Plaintiff had been discharged.* **(Kass vs. Brown Boveri Corp., 488 A 2d 244 (N.J. Super. 1985).**

## *Exhibit IV. Disability*

*The courts further held that it is not necessary that the Plaintiff show a tangible psychological injury.* **[Price Waterhouse vs. Hopkins, 490 U.S.C. 228 (1989); Andrews vs. City of Philadelphia, 895 F 2d 1469 (3rd. Cir. 1990).]**

*The Americans with Disabilities Act of (42 U.S.C. 12101-12213) prohibits discrimination against a qualified person in all practices. Titles I-IV deal with discrimination against disabled persons in the private and public sectors.*

**(Mary F, Cook, "Compliance with the Employment Provisions of the Americans with Disabilities Act (ADA), "The Human Resources Yearbook, 1992/93 (Englewood Cliffs, N.J.; Prentice Hall), p. 437.**

*Seeing Plaintiff pour gasoline over her body and taking tweezers to pull skin off. Nightmares was so horrible, 2-tone alligators chasing her. Being in a house with no doors or windows. Bears chasing Plaintiff and killing her dogs.*

## *Exhibit V. Retaliation*

*The Plaintiff feels that when she went to Upper Management and Human Resources because the Plaintiff felt it was the right thing to do. The Defendant and it's employees- Margaret Humphrey, Renee Cofee-Williams and Human Resources retaliated against her and terminated her. Plaintiff called Dep't. of Labor talked to Julie Cutler. She said it was because I had filed a lawsuit with them and the Defendant received the paperwork May 2nd. and was retaliating against Plaintiff. (**John Shehee vs. City of Wilmington, Parks and Recreation May 2002**).*

*The Legislative purpose of the provision is to encourage the Plaintiff to use the protection of the statute by reporting a violation and enhancing its enforcement. **Title VII has a retaliation provision that is similar to those of other statutes. 42 U.S.C. Sect. 2000 (e) (3)** provides that an employer cannot discriminate against an employee "because she has opposed any practice by this subchapter or because she has made a charge, testified, assisted or participated in manner in an investigation or hearing.*

## *Exhibit VI. Forced Retirement*

*When Plaintiff called in August of 2003, to see how much she had in her 401(K) the lady I spoke with said, " you're retired Janet." I said not to my knowledge. She said yes you are and told me I would be receiving my check in the mail in 7 days. When Plaintiff called back on May 24, 2005 the gentleman I spoke with wouldn't give me the lady's name. The Plaintiff was not asked to sign any papers of any kind. The only way she find out of her being retired is over the phone when she called about her 401(K).*

## *Exhibit VII. Rehabilitation*

*Plaintiff called Rehabilitation for retraining of a job. They told her due to her Depression and Anxiety the possibility that there's nothing for Plaintiff .*

*CLERK OF THE COURT HAVE BEEN MAILED THE NOTICE OF MOTION FOR SUMMARY JUDGMENT, MEMORANDUM OF LAW FOR SUMMARY JUDGMENT AND AFFIRMATION STATEMENT ON APRIL14, 2006 BY U.S. MAIL FIRST CLASS.*

*April 14, 2006*                    *JANET L. FRANKLIN*