IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANET LEIGH FRANKLIN, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 04-1513 GMS |
| MBNA CORP, | ) ) | TRIAL BY JURY DEMANDED |
| Defendant. | ) ) | |

**DEFENDANT MBNA'S OPENING BRIEF IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

# REDACTED

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Teresa A. Cheek (Bar I.D. No. 2657)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19801
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
Email: tchee@ycst.com
Attorneys for Defendant

Dated: August 2, 2006

## TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ...................................................... 1

SUMMARY OF ARGUMENT ...................................................................................... 2

STATEMENT OF FACTS ............................................................................................. 3

ARGUMENT .................................................................................................................. 7

    I.    The Court Should Grant Summary Judgment in Favor of MBNA Because Franklin Is Not A "Qualified Individual With A Disability." .................................................................................. 7

        A.    Summary Judgment Standard ................................................................ 7

        B.    The Americans With Disabilities Act ..................................................... 7

    II.    The Court Should Grant Summary Judgment to MBNA Because, As A Matter of Law, Franklin Did Not Identify or Seek a Reasonable Accommodation .................................................. 9

CONCLUSION ............................................................................................................. 10

## TABLE OF AUTHORITIES

**PAGE**

**Cases**

Anderson v. Liberty Lobby, Inc.,
 477 U.S. 242 (1986) ............................................................................................... 7

Boyle v. County of Allegheny, Pa.,
 139 F.3d 386 (3d Cir. 1998) ................................................................................... 7

Celotex Corp. v. Catrett,
 477 U.S. 317 (1986) ............................................................................................... 7

Cheatwood v. Roanoke Industries,
 891 F. Supp. 1528 (N.D. Ala. 1995) ...................................................................... 9

Detz v. Greiner Indus.,
 346 F.3d 109 (3d Cir. 2003) ................................................................................... 9

Gaul v. Lucent Technologies,
 134 F.3d 576 (3d Cir. 1998) ............................................................................... 7, 9

Harden v. Delta Airlines,
 900 F. Supp. 493 (S.D. Ga. 1995) .......................................................................... 8

Hatfield v. Quantum Chem. Corp.,
 920 F. Supp. 108 (S.D. Tex. 1996) ........................................................................ 8

Morton v. GTE North,
 922 F. Supp. 1169 (N.D. Tx. 1995) ....................................................................... 8

Motley v. N.J. State Police,
 196 F.3d 160 (3d Cir. 1999) ................................................................................... 8

Pegues v. Emerson Elec. Co.,
 913 F. Supp. 976 (N.D. Miss. 1996) ...................................................................... 8

Smith v. Midland Brake,
 911 F. Supp. 1351 (D. Kan. 1995) ..................................................................... 8, 9

**Other Authorities**

29 C.F.R. pt. 1630, App. at 347 ................................................................................................. 7

42 U.S.C. § 12112(a) (1995) ...................................................................................................... 7

Fed. R. Civ. P. 56(c) ................................................................................................................... 7

DB01:2156372.1                                                                                                                009626.1042

## NATURE AND STAGE OF THE PROCEEDINGS

On December 13, 2004, Janet Franklin filed a *pro se* complaint against MBNA America Bank, N.A. ("MBNA") in the United States District Court for the District of Delaware. Complaint (D.I. 2). Franklin alleged that her employment was terminated in violation of the Americans with Disabilities Act because she has a permanent disability. Id. On June 28, 2005, MBNA filed an answer to the complaint, denying that it had discriminated against Janet Franklin. Answer to Complaint (D.I. 12).

The deadline for completion of discovery was June 27, 2006. Scheduling Order (D.I. 32). The deadline for filing case dispositive motions is July 27, 2006. Id. MBNA filed a motion for summary judgment on July 27, 2006. This is its opening brief in support of that motion.

DB01:2156372.1                                                                 009626.1042

## SUMMARY OF ARGUMENT

The Court should grant summary judgment in favor of MBNA because it is undisputed that Franklin has been, since January 31, 2003, completely unable to work due to mental illness. A prima facie case of disability discrimination includes proof that the plaintiff is able to perform the essential functions of his or her job, with or without reasonable accommodations. Because Franklin and her doctor have testified that she is unable to work, Franklin cannot prove a prima facie case of disability discrimination and her claims must be dismissed.

## STATEMENT OF FACTS

Janet Franklin began working for Southwestern States Bankcard Association on March 13, 1990. A2. Southwestern States Bankcard Association was purchased by MBNA in 1993 and Franklin became an employee of MBNA at that time. Id. Franklin held various clerical positions with Southwestern States Bankcard Association and MBNA, including Mailex Operator, Audit Clerk, Control Clerk, Mail Prep Clerk, Transport Batch Operator, Microfilm Senior Support Representative, Transport Operator, Senior Support Representative, and Reconcilement Lead, the position she held in the last few years of her employment with MBNA. A2-9.

In August 2002, Franklin began having conflicts with a co-worker. A10-15. After a verbal altercation between Franklin and the co-worker, Franklin complained about the co-worker to her manager and to the Human Resources Department. Id. In November 2002, Franklin overheard the co-worker make a rude remark to another worker. A17-18. Franklin wrote a note reporting the incident to her manager. A18-19. Franklin met again with the Human Resources manager and told her that she was not sure that her co-worker had really made the remark she had reported. A22-25. The Human Resources manager cautioned her against making false reports about her co-workers. A23-24.

[redacted] In December 2002, Franklin told her manager that everyone was against her and was harassing her, but the manager told Franklin she was imagining things and being paranoid. A22. In mid-January 2003, Franklin's manager told Franklin that she was an invaluable employee and could become a unit lead or production manager in six months. A26.

[redacted]

3



DB01:2156372.1  009626.1042

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

██████████ has provided several certifications describing Franklin as unable to work, and as permanently and totally disabled. A116, 117, 118, 120, 121, 122, 123, 124. Since January 31, 2003, Franklin has continued to experience the following symptoms ███████ illness:

- ████████████████████████████████████ A71, 75, 76, 78-81, 93, 97; A28-29; A53.
- ██████ A59, 61, 67, 70, 71, 73, 75, 84, 93, 98; A16, 27, 29; A53.
- ██████ A60, 65-69, 71, 75, 77, 78, 85-88, 91, 97, 102; A34, 35-36; A53.
- ████████████ A59, 65-66, 67, 68, 69, 70, 71, 73, 74, 76, 77, 80, 82, 93; A53.
- ███████████████ A61-62, 65, 72, 78, 86, 90, 92, 94, 95, 100; A34, 35; A53.
- █████████████████████████████████████ A80, 84, 86, 88-90.
- ████████████ A82-83.
- Side effects from her medication, ███████████████████████████████ ████████████. A70-71, 78, 81, 100; A48, 49-51, 52.

After ████████████████████████ January 31, 2003, Franklin began a six-month period of short-term disability leave at full pay. A32-33. Although MBNA encouraged Franklin

DB01:2156372.1                                                                        009626.1042

to return to work, Franklin continued on leave with full pay until her short-term disability benefit was exhausted. Id. At that point Franklin applied for and received two years of long-term-disability leave at full pay. A33. In 2003 Franklin also, feeling she was totally unable to work, applied for Social Security Disability benefits and was evaluated ███████████ in connection with her application; Franklin's application was granted. A37-40, 46-47; A54.

On September 12, 2005, Franklin had exhausted her paid long-term disability leave and continued to be unable to work, so MBNA terminated her employment. A44-45; A55. MBNA advised Franklin that she could apply for re-employment upon obtaining a medical release. Id. To date, Franklin has not obtained a release to return to work and has not applied for any jobs at MBNA. A44-45. Franklin admits that she is permanently and totally unable to work; she has not worked since she left MBNA. A41, 42-43. As of June 16, 2006, Franklin's diagnosis continued to be ███████████████████████████████████████████████████████████████ ███████████████████████████ A101.

# ARGUMENT

I. **The Court Should Grant Summary Judgment in Favor of MBNA Because Franklin Is Not A "Qualified Individual With A Disability."**

A. **Summary Judgment Standard**

Summary judgment is appropriate where there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. Fed. R. Civ. P. 56(c). Boyle v. County of Allegheny, Pa., 139 F.3d 386, 392 (3d Cir. 1998). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material if it might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue is genuine if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. Id.

B. **The Americans With Disabilities Act**

The purpose of the Americans with Disabilities Act is to prevent employment discrimination against individuals with disabilities who are otherwise qualified to perform their jobs. 29 C.F.R. pt. 1630, App. at 347-48. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (1995). A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that individual holds or desires." Id. §12111(8).

According to the Third Circuit Court of Appeals, "A two-part test is used to determine whether someone is 'a qualified individual with a disability.'" Gaul v. Lucent Technologies, 134 F.3d 576, 580 (3d Cir. 1998), citing 29 C.F.R. pt. 1630, App. at 353-54. The two-part test is

7

satisfied if an individual with a disability[1] can prove, first, that he or she "satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, licenses, etc." Id. If this requisite is met, the court considers "whether or not the individual can perform the essential functions of the position held or desired, with or without reasonable accommodation" at the time of the employment decision. Id. It is the plaintiff's burden to prove that she is qualified to perform the essential functions of her job with or without reasonable accommodation. Id.

In this case, Franklin cannot prove that she can perform the essential functions of any position she might have held or desired to hold at MBNA because Franklin's ▓▓▓▓▓▓▓▓ has rendered her completely unable to work since January 31, 2003. When a plaintiff has admitted under oath, with ample support in the evidence, that she is permanently and totally unable to work, the employer is entitled to summary judgment. See, e.g., Motley v. N.J. State Police, 196 F.3d 160 (3d Cir. 1999) (upholding summary judgment for employer where former police officer had claimed to be permanently and totally disabled, had obtained pension benefits, and had not explained discrepancy between that claim and claim that he was able to perform his job); Smith v. Midland Brake, 911 F. Supp. 1351 (D. Kan. 1995) (unqualified statement of total disability barred ADA claim); Hatfield v. Quantum Chem. Corp., 920 F. Supp. 108, 110-111 (S.D. Tex. 1996) (granting summary judgment to employer where employee admitted he was unable to perform the essential functions of job); Pegues v. Emerson Elec. Co., 913 F. Supp. 976 (N.D. Miss. 1996) (same); Morton v. GTE North, 922 F. Supp. 1169 (N.D. Tx. 1995) (same); Harden v. Delta Airlines, 900 F. Supp. 493, 497 (S.D. Ga. 1995) (ADA claim barred by plaintiff's representations that he was completely unable to work); Cheatwood v. Roanoke Industries, 891

---

[1] MBNA assumes, for purposes of this motion only, that Franklin could prove that she has a disability within the meaning of the ADA.

F. Supp. 1528, 1538 (N.D. Ala. 1995) (plaintiff's claim barred by his testimony that he was completely disabled). See also Detz v. Greiner Indus., 346 F.3d 109 (3d Cir. 2003) (discussing elements of judicial estoppel in case where plaintiff had given conflicting sworn statements about his disability in different fora).

II.   **The Court Should Grant Summary Judgment to MBNA Because, As A Matter of Law, Franklin Did Not Identify or Seek a Reasonable Accommodation.**

Even if Franklin had not admitted that she is and was not qualified to perform her job, the only accommodation she had sought, to be transferred to some other department so that she could avoid co-workers with whom she did not get along is not, as a matter of law, a reasonable accommodation. See Smith v. Midland Brake, 138 F.3d 1304 (10th Cir. 1998); Gaul, 134 F.3d at 579-581. As the Third Circuit has pointed out, requiring an employer to monitor whether an employee is becoming stressed by co-workers and to locate and transfer the employee to a vacant position if the employee begins to have trouble getting along with co-workers would be "wholly impractical" and subject to abuse by the employee, would be far too burdensome for the employer, and would inappropriately require the Court to set the employee's terms and conditions of employment, none of which is required by the ADA. Id.

## CONCLUSION

Plaintiff Janet Franklin has admitted, and her treating ███████ has confirmed, that she is totally and permanently disabled from working because of her ███████. Accordingly, she cannot prove that she is a "qualified individual with a disability" who is entitled to reasonable accommodation under the ADA. Her claims that MBNA violated her rights by terminating her employment after she exhausted two and a half years of disability pay are without merit, and her complaint should be dismissed.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Teresa A. Cheek
Teresa A. Cheek (Bar I.D. No. 2657)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19801
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
Email: tchee@ycst.com
Attorneys for Defendant

Dated: July 27, 2006

DB01:2156372.1                                                                          009626.1042

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2006, I electronically filed a true and correct copy of the foregoing Defendant MBNA's Opening Brief in Support of Its Motion for Summary Judgment – Redacted and this Certificate of Service with the Clerk of the Court using CM/ECF.

I further certify that on August 2, 2006, I served the foregoing Defendant MBNA's Opening Brief in Support of Its Motion for Summary Judgment - Redacted and this Certificate of Service on the following non-registered participant in the manner indicated below:

>Janet L. Franklin, *Pro se* (First Class Mail)
>2199 Biggs Highway
>Rising Sun, MD  21911

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Teresa A. Cheek
Teresa A. Cheek, Bar I.D. No. 2657
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19801
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
tchee@ycst.com
Attorneys for Defendant

Dated: August 2, 2006