IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

JANET LEIGH FRANKLIN,                              C.A. No. 04-1513 GMS

Plaintiff,

MBNA CORP,
Defendant.

### PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

JANET L. FRANKLIN
2199 BIGGS HWY.
RISING SUN, MD. 21911
410-658-6843

Dated: August 18, 2006



FILED
AUG 25 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

P Scanned

# TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................. i

NATURE AND THE STAGE OF PROCEEDINGS........................................ 1

SUMMARY OF ARGUMENT......................................................................... 2

STATEMENTS OF FACTS............................................................................ 3

ARGUMENT................................................................................................ 4,5

I. The Court should grant Summary Judgment in favor of the Plaintiff because the Defendant can not rely on mere Conjecture.

    A. Summary of Judgment ................................................................. 6

    B. The Americans With Disabilities Act .............................................7

    C. Conclusion.....................................................................................8

## NATURE AND STAGE OF THE PROCEEDINGS

April 24, 2003 the Plaintiff (pro se) filed a complaint against MBNA America in the United States District Court for District of Delaware. Plaintiff alleged that her employment was terminated in violation of the Americans with Disabilities Act because the Plaintiff has a permanent disability due to the harassment at work. On June 28, 2003 MBNA filed an answer to the complaint, denying that it had discriminated against Plaintiff.

1. The Defendant's co-workers, Rene Cufee-Williams, Rich Kilmon and Pegge Humphrey, lead Plaintiff to believe that they had reasonable accommodations for her.

2. Then the Defendant's co-workers told her that they had nowhere to place her and the Plaintiff would have to quit.

3. Finally, the Plaintiff's Manager told her that because of the verbal warning, Plaintiff couldn't post out. Later, Plaintiff found out she could have posted.

4. Pegge Humphrey told Plaintiff that she had to work in her old position for 30 days before she could post for a new job. Which means the Plaintiff would have to go right back in the Hostile Environment and the Harassment.

1

## SUMMARY OF ARGUMENT

The Court should grant Summary Judgment in favor of the Plaintiff because it is disputed that Plaintiff has been completely unable to work since January 31, 2003 due to Mental Illness. Because Plaintiff and her doctor have testified that she is unable to work, Plaintiff can prove a prima facie case of disability discrimination.

1. On February 5, 2003 Plaintiff called Dottie Boyce from the Rockford Center, an Institution for Drug Substance Abuse and Mental Illness, and asked if she could be placed elsewhere. Dottie Boyce told Plaintiff she would ask Jerry Houck (Department Manager) but she doubted it.

2. Plaintiff could not do her job due to the Hostile and Harassing Environment from two of her co-workers, Debbie Richards and Tina Cordill. Plaintiff went to Upper Management.

## STATEMENT OF FACTS

Plaintiff began working for Southwestern States Bankcard Association on March 13, 1990. A-2. Southwestern States Bankcard Association was purchased by MBNA in 1993 and Plaintiff became an employee of MBNA at that time. Plaintiff held various clerical positions with Southwestern States Bankcard Association and MBNA, including Mailex Operator, Audit Clerk, Control Clerk, Mail Prep Clerk, Transport Batch Operator, Microfilm Senior Support Representative and Reconcilement Lead, the position she held in the last few years of her employment with MBNA. A2-9.

In August 2002, Plaintiff's co-worker cusred her. Plaintiff told her Manager but Judy didn't do anything. Plaintiff complained to the Unit Manager and to the Human Resources Department. In November 2002, Plaintiff overheard the co-worker make a rude remark to another worker. A17-18. Plaintiff wrote a note reporting the incident to Human Resources. A18-19. Plaintiff met again with the Human Resources manager and told her that she was not sure that her co-worker had really made the remark she had reported. A22-25. Plaintiff's Manager told her to say that because Judy said that Plaintiff could be fired for that incident and Plaintiff was dealing with somebody's life.

In September 2002, Plaintiff told Manager that Debbie Richards and Tina Cordill were against her and were harassing her but the Manager told Plaintiff it was all in her head and she was paranoid. A22. In mid January 2003 Manager told Plaintiff that she was an invaluable employee and could become a Unit Lead or Production Coordinator in six months. A26.

3

## ARGUMENT

Dr. Desai provided several certifications describing Plaintiff as unable to work, and as permanently and totally disabled. A116, 117, 118, 120, 121, 122, 123, 124, since January 31, 2003. Plaintiff has continued to experience the following symptoms of mental illness:

* A71, 75, 76, 78-81, 93, 97; A28-29; A53.

* A59, 61, 67, 70, 71, 73, 75, 84, 93, 98; A16, 27, 29; A53.

*A60, 65-69, 71, 75, 77, 78, 85-88, 91, 97, 102; A34, 35-36; A53.

*A59, 65-66, 67, 68, 69, 70, 71, 73, 74, 76, 77, 80, 82, 93; A53

*A61-62, 65, 72, 78, 86, 90, 92, 94, 95, 100; A34, 35; A53.

* A80, 84, 86, 88-90.

*A82-83.

* Side effects from her medication; A70-71, 78, 81, 100; A48, 49-51, 52.

After January 31, 2003, Plaintiff began a six-month period of short-term disability leave at full pay. A3 2-3 3. Although MBNA encouraged her to return to work Plaintiff continued on leave with full pay until her short-term disability benefit was exhausted. At that point she applied for and received two years of long-term disability leave at full pay. A33. In 2003 Plaintiff also, feeling she was totally unable to work, applied for social Security Disability benefits and was evaluated in connection with her application; Plaintiff's application was granted. A37-40, 46-47; A54.

MBNA terminated her employment on May 15, 2003 as per Pegge Humphrey because "Plaintiff didn't fit in". MBNA advised Plaintiff that she could apply for reemployment upon obtaining a medical release.

4

## ARGUMENT (cont'd)

On September 12, 2005 she had exhausted her paid long term disability leave and continued to be unable to work. To date she has not obtained a release to return to work and has not applied for any jobs at MBNA. A44-45. Plaintiff admits that she is permanently and totally unable to work; she has not worked since she left MBNA. A41, 42-43. As of August 18, 2006, Plaintiff's diagnosis continues. A101.

### A. SUMMARY OF JUDGMENT

The Legislative purpose of the provision is to encourage the Plaintiff to use the protection of the statute by reporting a violation and enhancing its enforcement. Title VII has a retaliation provision that is similar to those of other statutes. 42 U.S.C. Sect. 2000 (e) (3) provides that the employer cannot discriminate against employee "because she has opposed any practice by this subchapter or because she has made a charge, testified assisted or participated in manner in an investigation or hearing.

Once the complaint had been served, an answer to the complaint must be filed within 20 days (60 days if the defendant is of the United States Government or an agent thereof).

Defendant failed to answer the Plaintiffs' complaint. The Plaintiff served the complaint in accordance and pursuant to Fed. R. CIV. P. 4 ( c ) (2) [II]. Clerk of this office had notified the Plaintiff, in this court and was informed that the Defendant had not answered the complaint by rnption or requested an extension of time. Rule 55-(a) (b) Fed. R. CIV. P. State in part; "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and fact is made to appear by Affidavit or otherwise" (b) judgment by default may be entered.

6

## B. THE AMERICANS WITH DISABILITIES ACT

On January 8, 2004, the insurance carrier, Prudential, for the Defendant (MBNA) Exhibit (A) per Michelle C. Fernandez [Associate Disability Claims Examiner] approved my claim for Life Insurance Group Policy #G-24923, issued to MBNA Corporation, Inc. This insurance will be continued provided you remain totally disabled in Accordance with the provision of this group Policy. Based on the terms of this Group Policy, your group Life Coverage will terminate on august 25, 2014, following attainment of age 65.

**Under Americans with Disabilities Act no intent is required, but discrimination has to be shown. [Mayberry vs. Von Valtier, 62 N. W. 252] (e. d. Mich. 1994).**
The purpose of the Americans with Disabilities act is to prevent employment discrimination against qualified individuals with disabilities. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training and other terms, conditions and privileges of employment." 42 U.S.C. 12112(a) (1995). A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that individual holds or desires". Id. 12111(8).
The courts further held that it is not necessary that the Plaintiff show a tangible psychological injury. [Price Waterhouse vs. Hopkins, 490 U.S.C. 228 (1989); Andrews vs. City of Philadelphia, 895 F 2d 1469 (3rd.Cir. 1990).]
The Americans with Disabilities Act of (42U.S.C. 12101-12213) prohibits discrimination against a qualified person in all practices. Titles I-IV deal with discrimination against disabled persons in the private and public sectors.

7

## C. CONCLUSION

**For the foregoing reason, This Action should be granted to PLAINTIFF in it's Entirety.**

Plaintiff has admitted and her doctor has confirmed that she is totally and permanently disabled from working because of her Mental Illness. Accordingly, she can prove that she is a "qualified individual with a disability" who is entitled to Summary Judgment. Plaintiff claims that MONA violated her rights by terminating her because she didn't fit in and because of Harassment and Hostile Environment, Retaliation, Discrimination, Whistle-Blowing, Disability and Forced Retirement.

Respectfully submitted,

*Janet L. Franklin*

Janet Leigh Franklin
2199 Biggs Highway Rising Sun,
MD. 21911
410-658-6843

August 18, 2006

8

Janet L. Franklin
2199 Biggs Hwy.
Rising Sun, Md. 21911

Office of the Clerk
United States District
844 N. King Street Loc(k)
Wilmington, De. 19801-357D