IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| JANET LEIGH FRANKLIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MBNA CORP., )<br>)<br>Defendant. )<br>) | C.A. No. 04-1513 GMS<br><br>TRIAL BY JURY DEMANDED |

**DEFENDANT MBNA'S ANSWERING BRIEF IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Teresa A. Cheek (Bar I.D. No. 2657)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19801
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
Email: tchee@ycst.com
Attorneys for Defendant

Dated: August 28, 2006

## TABLE OF CONTENTS

**PAGE**

TABLE OF CASES ...................................................................................................................ii

NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

SUMMARY OF ARGUMENT ..........................................................................................1

STATEMENT OF FACTS ..................................................................................................2

ARGUMENT ........................................................................................................................2

    I.    The Court Should Grant Summary Judgment in Favor of MBNA Because Franklin Is Not A "Qualified Individual With A Disability." ...................................................................................2

        A.    Summary Judgment Standard ................................................................2

        B.    The Americans With Disabilities Act......................................................2

    II.    The Court Should Grant Summary Judgment to MBNA Because, As A Matter of Law, Franklin Did Not Identify or Seek a Reasonable Accommodation. ...................................................................3

    III.    Franklin Has Not Asserted Claims Of Violations of Her Constitutional Rights...............................................................................4

    IV.    MBNA Did Not Fail To Answer Plaintiff's Complaint, So There
`        Is No Basis For Entering A Default Judgment Against MBNA............................5

CONCLUSION ....................................................................................................................6

## TABLE OF CASES

                              **PAGE**

**Cases**

Anderson v. Liberty Lobby, Inc.,
   477 U.S. 242 (1986) ............................................................................................... 2

Boyle v. County of Allegheny, Pa.,
   139 F.3d 386 (3d Cir. 1998) ................................................................................... 2

Celotex Corp. v. Catrett,
   477 U.S. 317 (1986) ............................................................................................... 2

Gaul v. Lucent Technologies,
   134 F.3d 576 (3d Cir. 1998) ................................................................................... 3

Johnson v. Railway Express Agency, Inc.,
   421 U.S. 454, 95 S. Ct. 1716, 44 L. Ed. 2d 295 (1975) ......................................... 4

Smith v. Midland Brake,
   138 F.3d 1304 (10th Cir. 1998) .............................................................................. 3

**Other Authorities**

29 C.F.R. Pt. 1630 ........................................................................................................ 2, 3

42 U.S.C. § 12101, et seq. ..................................................................................... 1, 4, 5

42 U.S.C. § 12112(a) ....................................................................................................... 3

42 U.S.C. § 1981 .......................................................................................................... 1, 4

42 U.S.C. § 1983 ....................................................................................................... 1, 4, 5

42 U.S.C. § 2000e, et seq. ............................................................................................ 1, 5

42 U.S.C. § 2111(8) .......................................................................................................... 3

6 Arthur Larson and Lex K. Larson, Employment Discrimination,
   (2d Ed. 2006) .......................................................................................................... 4

Fed. R. Civ. P. 56(c) ......................................................................................................... 2

## NATURE AND STAGE OF THE PROCEEDINGS

On December 13, 2004, Janet Franklin filed a *pro se* complaint against MBNA America Bank, N.A. ("MBNA") in the United States District Court for the District of Delaware. Complaint (D.I. 2). Franklin alleged that her employment was terminated in violation of the Americans with Disabilities Act ("the ADA"), 42 U.S.C. §§ 12101 et seq., because she has a permanent disability. Id. On June 28, 2005, MBNA filed an answer to the complaint, denying that it had discriminated against Janet Franklin. Answer to Complaint (D.I. 12).

On April 26, 2006, Franklin filed a motion for summary judgment. (D.I. 38). On May 18, 2006, the parties filed a stipulation for briefing Franklin's motion. (D.I. 48). The stipulation provided that MBNA's answering brief would be due on August 28, 2006. Id.

The deadline for completion of discovery was June 27, 2006. Scheduling Order (D.I. 32). The deadline for filing case dispositive motions is July 27, 2006. Id. MBNA filed a motion for summary judgment on July 27, 2006 (D.I. 54) and an opening brief in support of its motion (D.I. 55). This is MBNA's answering brief in opposition to Franklin's motion for summary judgment.

## SUMMARY OF ARGUMENT

Franklin's motion for summary judgment is without merit because (1) Franklin cannot establish that MBNA violated any of her rights under the ADA; (2) Franklin has not asserted (nor does she have any legal or factual basis for) claims against MBNA under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), or under the Reconstruction era civil rights statutes (42 U.S.C. §§ 1981 and 1983) for violation of her constitutional rights; and (3) MBNA has answered and defended against Franklin's claims, so entry of a judgment by default would be improper.

**STATEMENT OF FACTS**

MBNA provided a statement of facts in its opening brief in support of its motion for summary judgment (D.I. 55). To protect the confidentiality of Plaintiff's personal medical information, the brief and its accompanying appendix were placed under seal. The same statement of facts is applicable to this motion. Accordingly, MBNA respectfully refers the Court to the statement of facts set forth in its opening brief (D.I. 55) and incorporates said statement of facts as though fully set forth herein.

**ARGUMENT**

**I.    The Court Should Grant Summary Judgment in Favor of MBNA Because Franklin Is Not A "Qualified Individual With A Disability."**

    **A.    Summary Judgment Standard**

Summary judgment is appropriate where there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. Fed. R. Civ. P. 56(c). Boyle v. County of Allegheny, Pa., 139 F.3d 386, 392 (3d Cir. 1998). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material if it might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue is genuine if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. Id.

    **B.    The Americans With Disabilities Act**

The purpose of the Americans with Disabilities Act is to prevent employment discrimination against individuals with disabilities who are otherwise qualified to perform their jobs. 29 C.F.R. Pt. 1630, App. at 347-48. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of

2

employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that individual holds or desires." Id. at § 2111(8).

According to the Third Circuit Court of Appeals, "A two-part test is used to determine whether someone is 'a qualified individual with a disability.'" Gaul v. Lucent Technologies, 134 F.3d 576, 580 (3d Cir. 1998), citing 29 C.F.R. Pt. 1630, App. at 353-54. The two-part test is satisfied if an individual with a disability[1] can prove, first, that he or she "satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, licenses, etc." Id. If this first requirement is satisfied, the court considers "whether or not the individual can perform the essential functions of the position held or desired, with or without reasonable accommodation" at the time of the employment decision. Id. It is the plaintiff's burden to prove that she is qualified to perform the essential functions of her job with or without reasonable accommodation. Id.

In this case, for the reasons set forth in MBNA's opening brief in support of its motion for summary judgment (D.I. 55), incorporated by reference herein, Franklin cannot prove that she can perform the essential functions of any position she might have held or desired to hold at MBNA. Accordingly, her motion for summary judgment must be denied.

**II.  The Court Should Grant Summary Judgment to MBNA Because, As A Matter of Law, Franklin Did Not Identify or Seek a Reasonable Accommodation.**

Even if Franklin had not admitted that she is and was not qualified to perform her job, the only accommodation she had sought, to be transferred to some other department so that she could avoid co-workers with whom she did not get along is not, as a matter of law, a reasonable

---

[1] MBNA assumes, for purposes of this motion only, that Franklin could prove that she has a disability within the meaning of the ADA.

accommodation. See Smith v. Midland Brake, 138 F.3d 1304 (10th Cir. 1998). As the Third Circuit has pointed out, requiring an employer to monitor whether an employee is becoming stressed by co-workers and to locate and transfer the employee to a vacant position if the employee begins to have trouble getting along with co-workers would be "wholly impractical" and subject to abuse by the employee, would be far too burdensome for the employer, and would inappropriately require the Court to set the employee's terms and conditions of employment, none of which is required by the ADA. Id.

**III.     Franklin Has Not Asserted Claims Of Violations of Her Constitutional Rights.**

At page 2 of Plaintiff's Memorandum of Law in Support of Her Motion For Summary Judgment, Plaintiff claims that she brought suit against MBNA pursuant to (1) 42 U.S.C. § 1981 ("Section 1981"); (2) 42 U.S.C. § 1983 ("Section 1983"); and (3) Title VII. In fact, Plaintiff asserted only that MBNA had violated her rights under the ADA, not that MBNA had violated her rights to equal protection under the law and due process or that it had discriminated against her in any other way.

Section 1981 provides a remedy for race discrimination in private employment. 6 Arthur Larson and Lex K. Larson, Employment Discrimination, § 100.02 at 100-3 (2d Ed. 2006) (hereinafter cited as "Larson"), citing Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 95 S. Ct. 1716, 44 L. Ed. 2d 295 (1975). Plaintiff does not claim that she was subjected to discrimination based on race, so the Court should deny Plaintiff's motion for summary judgment under Section 1981.

Section 1983 provides a remedy for violations of the rights of individuals under the United States Constitution and laws when those violations occur under color of law, custom or usage of a State or Territory. Larson, § 100.03 at 100-4. It is undisputed that MBNA is not a government employer and there is no evidence that it otherwise acted "under color of law."

4

Accordingly, the Court should deny Plaintiff's motion for summary judgment under Section 1983.

While certain provisions of Title VII provide a procedural framework for claims of disability discrimination, the substance of Plaintiff's claim of disability discrimination is governed by the ADA, not Title VII. The Court should therefore deny Plaintiff's motion for summary judgment under Title VII.

**IV.   MBNA Did Not Fail To Answer Plaintiff's Complaint, So There Is No Basis For Entering A Default Judgment Against MBNA.**

On the third page of Plaintiff's Memorandum of Law in Support of Her Motion For Summary Judgment, Plaintiff contends that MBNA did not file an answer to her complaint and that a default judgment should be entered against it. However, the record clearly shows that MBNA did in fact file an answer (D.I. 12) and defend against Plaintiff's claims. Plaintiff's contention that MBNA defaulted is without merit and Plaintiff's request for entry of judgment by default must be denied.

## CONCLUSION

For all the foregoing reasons, Plaintiff's motion for summary judgment is without merit and should be denied.

> Respectfully submitted,
>
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ *Teresa A. Cheek*_____
> Teresa A. Cheek (Bar I.D. No. 2657)
> The Brandywine Building, 17th Floor
> 1000 West Street
> P.O. Box 391
> Wilmington, DE 19801
> Telephone: (302) 571-6676
> Facsimile: (302) 576-3286
> Email: tchee@ycst.com
> Attorneys for Defendant

Dated: August 28, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2006, I electronically filed a true and correct copy of the foregoing Defendant's Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment and this Certificate of Service with the Clerk of the Court using CM/ECF.

I further certify that on August 28, 2006, I served the foregoing Defendant's Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment and this Certificate of Service on the following non-registered participant in the manner indicated below:

> Janet L. Franklin, *Pro se* (First Class Mail)
> 2199 Biggs Highway
> Rising Sun, MD  21911

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> /s/ *Teresa A. Cheek*
> Teresa A. Cheek, Bar I.D. No. 2657
> The Brandywine Building, 17th Floor
> 1000 West Street
> P.O. Box 391
> Wilmington, DE 19801
> Telephone: (302) 571-6676
> Facsimile: (302) 576-3286
> tcheek@ycst.com
> Attorneys for Defendant

Dated: August 28, 2006