IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

JANET LEIGH FRANKLIN,                C.A. No. 04-1513 GMS

Plaintiff,

MBNA CORP.,
Defendant.

PLAINTIFF'S RESPONSE TO DEFENDANTS' OPENING
BRIEF IN SUPPORT OF HER MOTION FOR
SUMMARY JUDGMENT

JANET L. FRANKLIN
2199 BIGGS HWY.
RISING SUN, MD. 21911
410-658-6843

Dated: August 31, 2006

# TABLE OF CONTENTS

PAGE

NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 1

SUMMARY OF ARGUMENT .................................................................................... 1

STATEMENT OF FACTS .......................................................................................... 2

ARGUMENT ............................................................................................................ 2

    I.   The Court Should Grant Summary Judgment in Favor of PLAINTIFF Because Is A "Qualified Individual With A Disability." ............................................................................ 2

        A. Summary Judgment Standard ................................................................. 2

        B. The Americans With Disabilities Act ...................................................... 2

    II.  The Court Should Grant Summary Judgment to the PLAINTIFF Because, As A Matter of Law, PLAINTIFF Did Identify and Seek a Reasonable Accommodation     3, 4, 5, 6

    III. PLAINTIFF Has Asserted Claims Of Violations of Her Constitutional Rights ............................................................................................ 6

    IV. DEFENDANT Failed To Answer Plaintiffs Complaint, So There Is Basis For Entering A Default Judgment Against MBNA .................................. 6

CONCLUSION ......................................................................................................... 7

CERTIFICATE OF SERVICE ..................................................................................... 8

## NATURE AND STAGE OF THE PROCEEDINGS

On April 24, 2003, Plaintiff filed *a pro se* complaint against MBNA America Bank, N.A. ("MBNA") in the United States District Court for the District of Delaware. Plaintiff alleges that her employment was terminated in violation of the Americans with Disabilities Act ("the ADA"), 42 U.S.C. 12101-12213. The Civil Rights Act of 1964, as well as Title VII of Public Law because she has a permanent disability. In 1991, Congress passed the Civil Rights Restoration Act. 'Smoking Gun' not needed for workers to win judgments. On March 21, 2006, the Scheduling Order was do as follows:

On April 26, 2006, Plaintiff filed a Motion for Summary Judgment (D.I. 38). On May 18, 2006, the parties filed a stipulation for briefing Plaintiff's motion. (D.I. 48). The stipulation provided that all parties Answering Brief would be due on August 28, 2006.

The deadline for completion of Discovery was June 27, 2006. Scheduling Order (D.I. 32). The deadline for filing case Dispositive Motions is July 27, 2006. Id. The parties filed a Motion for Summary Judgment on July 27, 2006 (D.I. 54) and an Opening Brief in support of its motion (D.I. 55).

## SUMMARY OF ARGUMENT

Plaintiff's Motion for Summary Judgment has merit because (1) Plaintiff has proven that MBNA violated her rights under the ADA and her Constitutional Rights. (2) Plaintiff has asserted claims against MBNA under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), or under the Reconstruction era civil rights statutes (42 U.S.C. §§ 1981 and 1983. In 1991, Congress passed the Civil Rights Restoration Act. 'Smoking Gun' not needed for workers to win judgments. (3) Defendant failed to answer the EEOC's complaint in a timely matter. Based upon the foregoing, this action should be granted in the Plaintiff's favor in its entirety.

1

## STATEMENT OF FACTS

Plaintiff provided facts in its opening brief in support of its motion for summary judgment (D.I. 55). Plaintiff has a right to have her medical records reopened for Court personnel only by Law. The same statement of facts is applicable to this motion. The Plaintiff has shown burden of proof time and time again. Plaintiff refers the Court to the statement of facts set forth in its Motion for Summary Judgment and said statement of facts set forth herein.

## ARGUMENT

**I. The Court Should Grant Summary Judgment in Favor of Plaintiff Because She Is A "Qualified Individual With A Disability."**

### A. Summary Judgment Standard

Rule 56 (c) The Federal Rules Of Civil Procedure provides that the summary judgment "shall be rendered forthwith if the pleadings, deposition, answers to interrogatories and affidavits, if any, show that there are no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of Law".

### B. The Americans With Disabilities Act

The Americans with Disabilities Act of (42 U.S.C. 12101-12213) prohibits discrimination against a qualified person in all practices. Titles I-IV deal with discrimination against disabled persons in the private and public sectors. Under Americans with Disabilities Act no intent is required, but discrimination has to be shown. **[Mayberry vs. Von Valtier, 62 N.W. 252] (E. D. Mich. 1994).**

Mary F, Cook, "Compliance with the Employment Provisions of the Americans with Disabilities Act (ADA)), "The Human Resources Yearbook, 1992/93 (Englewood Cliffs, N.J.; Prentice Hall), p. 437.

## II. PLAINTIFF Has Asserted Claims Of Violations of Her Constitutional Rights.

At parties can see from (Exhibits I-VII) Plaintiff's Memorandum of Law in Support of Her Motion For Summary Judgment.

### Exhibit I. Whistle-Blowing

After the Plaintiff had reported an employee to Upper Management and Human Resources for cursing the Plaintiff for no apparent reason. Which wasn't the first time. The outcome of the event was what the Plaintiff thought was the end of it. **Renee Cufee-Williams**, Supervisor of Human Resources asks the Plaintiff if she felt threatened in anyway because if you do we can move you. The Plaintiff said no because, she didn't know that things where going to change. [Through the days of which to come, Plaintiff informed her Supervisor (**Judy Currinder**) that things would never be the same]. [R. Boyle "Review of Whistle-Blowing Protections and Suggestions for a change, Labor Law Journal, 41, No. 12 (December 1990), 821]. Industrial Relations Research Association (August 1992 Vol. 43 No. 8 pp. 495-507).

### Exhibit II. Discrimination

Health Services nurse **Pegge Humphrey** told the psychiatrist that they didn't have anywhere to place the Plaintiff and she would have to quit. Plaintiff told **Pegge Humphrey** that she would rather die than go back into that situation at work. **Pegge Humphrey** told Plaintiff they couldn't place her anywhere.
 (**Prohibits discrimination against a qualified person in all practices.**) Due to the trauma of the foregoing event at MBNA, Plaintiff was deeply depressed and was readmitted to Rockford Center on March 19, 2003 for a 5-day evaluation. Moved in with sister when released from hospital. May 15, 2003 Plaintiff went to see her therapist, who informed the Plaintiff that MBNA was going to terminate her because "she didn't fit in". (42 U.S.C. 12101-12213) John Shehee vs. City of Wilmington (Dep't. of Parks and Recreation May, 2002). [Justus Eapen vs. MBNA Corp.] (March, 2003).

## Exhibit III. Harassment and Hostile Environment

In the days to come, Plaintiff informed **Supervisor, Human Resources, Health Services, and the Defendant's (L.C.S.W.)** of the harassment. The Plaintiff called Human Resources many times only for Renee Cufee-Williams to e-mail Plaintiff's Supervisor to inform her that the Plaintiff had to follow the chain of command.

The Plaintiff wasn't the only co-worker to suffer rude, belligerent abuse from Debbie Richards. It seemed obvious that most, if not all were afraid of her and hesitated to report her. Many times the Plaintiff informed her Supervisor of the harassment such as shoving, bumping into her and cursing Plaintiff. Even as far as threatening to slap Plaintiff.

When the Plaintiff informed her Supervisor of Debbie Richards and Tina Cordill of the constant aggressive behavior. The Supervisor told Plaintiff that the Plaintiff was paranoid and it was all in the Plaintiff's head.

"Smoking Gun" not needed for workers to win judgments. In a rare victory for job-bias plaintiffs the high court by a 9-0 vote said workers who sue do not need a "smoking gun" memo or other "direct evidence" of discrimination. Instead, they can take their cases to a jury as long as they can show some evidence that illegal bias was a "motivating factor" in the Plaintiff being fired.

The Plaintiff followed the chain of command. Supervisor said "you've moved your seat, you're not responding to their gestures and remarks." Plaintiff hearing voices, seeing bugs crawl when they're not there and having terrible nightmares.

The harassment went on for months. The Plaintiff felt she had no one to talk to at work. She didn't want to worsen a bad situation that all ready existed. After the Plaintiff's first break down Dr. Desai said there's no way that you can go back into that Hostile Environment. **(Davis vs. Monsanto Chemical Co. 858 F. 2d 345) (6th Cir. 1988).**

Plaintiff asks many times to be moved elsewhere. The Supervisor's response was you can't be moved "because you're on a verbal warning". Plaintiff found out later that with a verbal warning you could post out per Human Resources. <u>**The Company and Defendant's policy is zero tolerance**</u>. Requested numerous times for recent reviews, policies and procedures. Debbie Richards told (Robin Kelly) to kiss her ass. When Robin walked back to Debbie's desk, Debbie gave Robin the middle finger.

The courts follow a general guideline on constructive discharge. If the Defendant creates or lets working conditions that are so intolerable that a reasonable person is forced to quit voluntarily, the termination is not voluntary, but a discharge. The Plaintiff would then have the same remedies under the law as if the Plaintiff had been discharged. (Kass vs. Brown Boveri Corp., 488 A 2d 244 (N.J. Super. 1985).

**"MBNA" assumes, for purposes of this motion only, that Plaintiff could prove that she has a disability within the meaning of the ADA.**

## Exhibit IV. Disability

The courts further held that it is not necessary that the Plaintiff show a tangible psychological injury. [Price Waterhouse vs. Hopkins, 490 U.S.C. 228 (1989); Andrews vs. City of Philadelphia, 895 F 2d 1469 (3rd. Cir. 1990).]

The Americans with Disabilities Act of (42 U.S.C. 12101-12213) prohibits discrimination against a qualified person in all practices. Titles I-IV deal with discrimination against disabled persons in the private and public sectors.

(Mary F, Cook, "Compliance with the Employment Provisions of the Americans with Disabilities Act (ADA), "The Human Resources Yearbook, 1992/93 (Englewood Cliffs, N.J.; Prentice Hall), p. 437.

## Exhibit V. Retaliation

The Plaintiff feels that when she went to Upper Management and Human Resources because the Plaintiff felt it was the right thing to do. The Defendant and it's employees- Margaret Humphrey, Renee Cufee-Williams and Human Resources retaliated against her and terminated her. Plaintiff called Dep't. of Labor talked to Julie Cutler. She said it was because I had filed a lawsuit with them and the Defendant received the paperwork May 2nd, and was retaliating against Plaintiff. (John Shehee vs. City of Wilmington, Parks and Recreation May 2002).

The Legislative purpose of the provision is to encourage the Plaintiff to use the protection of the statute by reporting a violation and enhancing its enforcement. **Title VII has a retaliation provision that is similar to those of other statutes. 42 U.S.C. Sect. 2000 (e) (3)** provides that an employer cannot discriminate against an employee "because she has opposed any practice by this subchapter or because she has made a charge, testified, assisted

or participated in manner in an investigation or hearing.

## Exhibit VI. Forced Retirement

When Plaintiff called in August of 2003, to see how much she had in her 401(K) the lady I spoke with said, " you're retired Janet." I said not to my knowledge. She said yes you are and told me I would be receiving my check in the mail in 7 days. When Plaintiff called back on May 24, 2005 the gentleman I spoke with wouldn't give me the lady's name. The Plaintiff was not asked to sign any papers of any kind. The only way she find out of her being retired is over the phone when she called about her 401(K).

## Exhibit VII. Rehabilitation

Plaintiff called Rehabilitation for retraining of a job. They told her due to her Depression and Anxiety the possibility that there's nothing for Plaintiff .

### II. PLAINTIFF Has Asserted Claims Of Violations of Her Constitutional Rights.

At parties can see from (Exhibits I-VII) Plaintiff 's Memorandum of Law in Support of Her

Motion For Summary Judgment.

### III. DEFENDANT Failed To Answer Plaintiffs Complaint in A Timely Matter So Default Judgment Should Be Entered Against MBNA.

Defendant failed to answer the Plaintiffs' complaint. The Plaintiff served the complaint in accordance and pursuant to **Fed. R. CIV. P. 4 (c) (2) (c) [II].** Clerk of this office had notified the Plaintiff, in this court and was informed that the defendant had not answered the complaint by motion or had requested an extension of time. **Rule 55-(a) (b) Fed. R. CIV. P. State in part;** "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by Affidavit or otherwise" (b) judgment by default may be entered".

## CONCLUSION

For all the foregoing reasons, DEFENDANTS Motion for Summary Judgment should be denied in its entirety.

Respectfully submitted,

*Janet L. Franklin*

Dated: August 31, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2006, I sent 2 true and correct copies of the foregoing Plaintiff's Response for Motion of Summary Judgment and this Certificate of Service with the Clerk of the Court.

I further certify that on August 31, 2006, I sent the foregoing Plaintiff's Response to Defendant's Motion for Summary Judgment and this Certificate of Service to the following participant in the manner indicated below:

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Teresa A. Cheek*
Teresa A. Cheek, Bar I.D. No. 2657 The Brandywine Building, 17th Floor 1000 West Street P.O. Box 391 Wilmington, DE 19801 Telephone: (302) 571-6676 Facsimile: (302) 576-3286 tchee@ycst.com Attorneys for Defendant

Dated: August 31, 2006

Janet L. Franklin
2199 Biggs Hwy.
Rising Sun, Md. 21911

The Office of the
844 N. King St. Lock D
Wilmington, DE. 19801



U.S.M.S.
X-RAY

