IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| JANET LEIGH FRANKLIN,<br><br>   Plaintiff,<br><br> v.<br><br>MBNA CORP.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 04-1513 GMS<br>)<br>) TRIAL BY JURY DEMANDED<br>)<br>)<br>) |

**DEFENDANT MBNA'S REPLY BRIEF IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Teresa A. Cheek (Bar I.D. No. 2657)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19801
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
Email:  tchee@ycst.com
Attorneys for Defendant

Dated: September 11, 2006

## TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS..........................................................................................................i

TABLE OF AUTHORITIES ..................................................................................................ii

ARGUMENT............................................................................................................................1

I.  The Court Should Grant Summary Judgment in Favor of MBNA Because Franklin Is Not A "Qualified Individual With A Disability."…….....................................................................................................................1

II. The Court Should Grant Summary Judgment to MBNA Because Franklin Did Not Identify or Seek a Reasonable Accommodation………………....…..1

III. There Is No Evidence Nor Any Contention By Plaintiff That She Was Harassed Because She Had A Disability………………………………...…….2

IV. There Is No Evidence To Support Plaintiff's Claim Of Retaliation………....……2

V.  There Is No Basis For Entering A Default Judgment Against MBNA Because MBNA Did Not Fail To Answer Plaintiff's Complaint...…………………………………………………...…….3

CONCLUSION.........................................................................................................................4

ii

## TABLE OF CASES

                                                                     **PAGE**

**Cases**

*Gaul v. Lucent Technologies*,
134 F.3d 576 (3d Cir. 1998)............................................................................................2

*Hatfield v. Quantum Chem. Corp.*,
920 F. Supp. 108 (S.D. Tex. 1996)…………….....................................................................1

*Motley v. New Jersey State Police*,
196 F.3d 160 (3d Cir. 1999)............................................................................................1

*Smith v. Midland Brake*,
138 F.3d 1304 (10th Cir. 1998)......................................................................................2

**Other Authorities**

Americans With Disabilities Act, 42 U.S.C. §§ 12101-12213..........................................1

# ARGUMENT

## I. The Court Should Grant Summary Judgment in Favor of MBNA Because Franklin Is Not A "Qualified Individual With A Disability."

Plaintiff has failed to respond to MBNA's argument that she is not a "qualified individual with a disability" entitled to protection under the Americans With Disabilities Act, 42 U.S.C. §§ 12101-12213. As explained in MBNA's opening brief, to be a *qualified* individual with a disability, a plaintiff must not only prove that she has a disability but also prove that she could, "with or without reasonable accommodation … perform the essential functions of the employment position that individual holds or desires." Id. at § 2111(8). As explained in detail in MBNA's opening brief, Ms. Franklin cannot show that she could perform the essential functions of *any* employment position because of the overwhelming evidence from both plaintiff and her treating physician that she was and is unable to work in any capacity. *Cf. Motley v. New Jersey State Police*, 196 F.3d 160 (3d Cir. 1999) (to obtain disability retirement benefits, employee certified that he was permanently and totally disabled and therefore could not prove that he was qualified to perform the essential functions of his job); *Hatfield v. Quantum Chem. Corp.*, 920 F. Supp. 108, 110-111 (S.D. Tex. 1996) (employee who, by his own admission, was completely unable to work, was not a "qualified individual with a disability" and was not entitled to a transfer to a different position). Accordingly, MBNA's motion for summary judgment should be granted.

## II. The Court Should Grant Summary Judgment to MBNA Because Franklin Did Not Identify or Seek a Reasonable Accommodation.

Plaintiff has also failed to address MBNA's argument that she did not identify or seek a reasonable accommodation. The only action that Plaintiff claims MBNA should have taken to accommodate her is to transfer to another unspecified job in an unspecified department so that

she could avoid co-workers she disliked. This, as a matter of law, is not a reasonable accommodation. *See Smith v. Midland Brake*, 138 F.3d 1304 (10th Cir. 1998); *Gaul v. Lucent Technologies*, 134 F.3d 576 (3d Cir. 1998).

### III.    There Is No Evidence Nor Any Contention By Plaintiff That She Was Harassed Because She Had A Disability.

In her answering brief, Plaintiff complains that two co-workers mistreated her in the last few months of her active employment with MBNA. Plaintiff explains that she had complained to management about her co-workers' rudeness and she says that her co-workers retaliated against her for these complaints. Assuming for the sake of argument that this is true, Plaintiff describes a run-of-the-mill workplace conflict, not harassment based on disability. Plaintiff does not claim that her co-workers were motivated by her disability; she admits that they seemed to dislike her after she tried to get one of them in trouble. There is no evidence that either of Plaintiff's co-workers thought Plaintiff was disabled or that they were motivated by anything other than annoyance with Plaintiff for reporting alleged misconduct to management. Plaintiff's argument regarding harassment is without merit, and the Court should grant MBNA's motion for summary judgment.

### IV.    There Is No Evidence To Support Plaintiff's Claim Of Retaliation.

Plaintiff argues that MBNA retaliated against her for "going to Upper Management and Human Resources" regarding her co-workers and for filing a charge of discrimination. There is no evidence to support this claim. To the contrary, MBNA continued to maintain Plaintiff as an inactive employee on paid disability leave from January 2003 until September 12, 2005, when she exhausted her paid disability benefits and remained unable to return to work. Accordingly, the Court should grant MBNA's motion for summary judgment.

## V. There Is No Basis For Entering A Default Judgment Against MBNA Because MBNA Did Not Fail To Answer Plaintiff's Complaint.

On page 1 of Plaintiff's Response to Defendant's Opening Brief in Support of Her [sic] Motion For Summary Judgment (D.I. 66), Plaintiff argues that MBNA is not entitled to summary judgment because "Defendant filed to answer the EEOC's complaint in a timely manner." There is no basis in the record for this assertion, and even if there were, the timing of Defendant's filing of a position statement in response to Plaintiff's charge of discrimination would be irrelevant to MBNA's motion for summary judgment. Plaintiff's contention that she is entitled to judgment by default is incorrect.

## CONCLUSION

For all the foregoing reasons, the Court should grant MBNA's motion for summary judgment.

                    Respectfully submitted,

                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

                    /s/ *Teresa A. Cheek*
                    Teresa A. Cheek (Bar I.D. No. 2657)
                    The Brandywine Building, 17th Floor
                    1000 West Street
                    P.O. Box 391
                    Wilmington, DE 19801
                    Telephone: (302) 571-6676
                    Facsimile: (302) 576-3286
                    Email: tchee@ycst.com
                    Attorneys for Defendant

Dated: September 11, 2006