IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JANET LEIGH FRANKLIN,

    Plaintiff,

    )    C.A. No. 04-1513 GMS
    )
MBNA CORP.,    )    TRIAL BY JURY DEMANDED

    Defendant,

**PLAINTIFF'S RESPONSE IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Teresa A. Cheek (Bar I.D. No. 2657)
The Brandy wine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19801
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
Email: tchee@ycst.com
Attorneys for Defendant

Dated: September 24, 2006



FILED
SEP 28 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

# (Table OF CONTENTS)

|  | PAGE |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF CASES | ii |
| ARGUMENT | iii |

I. The Court Should Grant Summary Judgment in Favor of The Plaintiff Because She Is A "Qualified Individual With A Disability Due From Harassment At Work."    1.

II. Court Should Grant Summary Judgment To The Plaintiff Because She Has Proven Time And Time Again That The Plaintiff Did Ask For Reasonable Accommodations.    1.

III. Plaintiff Has Evidence That The Disability Was Due From The Harassment At Work.    2.

IV. Plaintiff Can and Will Prove from the Witnesses List and The Dept. Of Labor That The Defendant Retaliated Against Her because She Filed A Lawsuit.    2.

V. There Is Evidence For Entering A Default Judgment Against The Defendant Because MBNA Did Fail To Answer Plaintiff's Complaint In A Timely Matter.    3.

CONCLUSION...    ...4.

# TABLE OF CASES

**Cases**                                                                 **PAGES**

[Mayberry vs. Von Valtier 62 N. W. 252] (E. D. Mich. 1994)........................ 5

[Price Waterhouse vs. Hopkins, 490 U.S.C. 228 (1989);
Andrews vs. City of Philadelphia, 895 F 2d 1469 (3rd. Cir. 1990.] ............................ 5

[McDonnell Douglas Corp., vs. Green, 411 U.S. 792,] .......................................5

Title VII has a retaliation provision that is similar
to those of other statutes. 42 U.S.C. Sect. 2000 (e) (3).......................5

**Other Authorities**

Americans With Disabilities Act, 42 U.S.C. §§ 12101-12213.......................1

## **ARGUMENT**

### I. The Court Should Grant Summary Judgment in Favor of The PLAINTIFF Because She Is A "Qualified Individual With A Disability."

Debbie Richards and her cousin Tina Cordill caused the Disability from the **HARASSMENT AND HOSTILE ENVIRONMENT.** When Plaintiff came to work everyday she felt that she was walking on egg shell's. Management was trying to write her up on anything they could find.. The PLAINTIFF tried to do her work but she was always on edge, not knowing what to expect next. The Plaintiff had no one to talk too.

On Sept. 13, 2003 Debbie Richards cussed the PLAINTIFF for no reason.. (Under The Personnel Policy No. 601,) CORRECTIVE ACTION: Examples of immediately dismissible offenses at MBNA include, but are not limited to, the following: (1) Sexual, verbal or physical harassment or threats of any type toward a co-worker, manager, or third party that occur on company premises or that create a threat in the workplace. (2) Use of obscene or profane language directed toward managers, co-workers or customers, (EVIDENCE # D243). On Nov. 17th Debbie Richards got written up for cussing the Plaintiff. She got written up for "saying your mama and the bigger they are the harder they fall". That's when the Harassment started. Plaintiff followed the chain of command; she went to her Manager, Human Resources, PAS person (L.C.S.W.) and Health Services and begged to be moved. The PLAINTIFF can still fall under Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213. Under Americans with Disabilities Act no intent is required, but discrimination has to be shown. **[MBNA assumes, for purposes of this Motion , that The Plaintiff could prove that she has a disability within the meaning of the ADA.]** It seemed obvious that most of the girls were afraid of her and hesitated to report her. Many times the Plaintiff informed her Supervisor of the harassment such as shoving, bumping into her and cursing Plaintiff. Even as far as threatening to slap Plaintiff. The Plaintiff followed the chain of command. Supervisor said "you've moved your seat, you're not responding to their gestures and remarks." Plaintiff asks many times to be moved

elsewhere. The Supervisor's response was you can't be moved "because you're on a verbal warning". **[Mayberry vs. Von Valtier 62 N. W. 252] (E. D. Mich. 1994).** The courts further held that it is not necessary that the Plaintiff show a tangible psychological injury. **[Price Waterhouse vs. Hopkins, 490 U.S.C. 228 (1989); Andrews vs. City of Philadelphia, 895 F 2d 1469 (3rd. Cir. 1990.]** Argument that she is a "qualified individual with a disability". Entitled to protection under the complaint in an Employment Discrimination Lawsuit need not contain specific facts establishing a "prima facie" case of Discrimination under the framework set forth in **[McDonnell Douglas Corp., vs. Green, 411 U.S. 792,]** but instead must contain only a short and plain statement of the claim showing that the **pleader** is entitled to relief, **"FED. RULE CIV. PRO. 8(a) (2).** The Plaintiff wasn't the only co-worker to suffer rude, belligerent abuse from Debbie Richards. The Legislative purpose of the provision is to encourage the Plaintiff to use the protection of the statute by reporting a violation and enhancing its enforcement. Plaintiff can prove that she ask for reasonable accommodations ... The Witness List can and will show that the Plaintiff was Harassed. The Plaintiff can also prove her Constitutional Rights were violated. My Disability was caused from the Harassment. One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and for bodily harm resulting from distress. The emotional distress they're under must be so severe that no reasonable person could be expected to endure it. By extreme we refer to conduct outrageous in character and extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society. An employee may file a complaint of undue distress as a result of the employer's act/action, if it:

- Results in severe emotional distress
- **Is extreme and outrageous conduct beyond the tolerable limit of the civilized society**
- **Intentionally causes a reasonable person serious emotional trauma**

**Plaintiff's Motion for Summary Judgment should be granted.**

## II. The Court Should Grant Summary Judgment to Plaintiff Because She Did Ask Many Times For Reasonable Accommodations.

Plaintiff had asks many times for Reasonable Accommodations, from Judy Currinder, Dottie Boyce, Renee Cufee-Williams and Pegge Humphrey. They are on my Witness List, which will come out in the trial. Plaintiff went to Deerfield for several weeks, and there were postings on the board that Plaintiff had done before. As a matter of fact before this incident happened the Plaintiff and her co-workers had wonderful times together. We ate lunch, laughed, and they were very enjoyable to work with.. I even had them over to my house for dinner.

## III. There is Evidence by the Plaintiff that She Had the Disability Due From Harassment A Work.

In her answering brief, Plaintiff complains that two of her co-workers mistreated her after she turned Debbie Richards into Upper Management, the other being her cousin Tina Cordill. This went on for months! Plaintiff explains that she had complained to management about her co-workers' cussing, shoving, bumping, rudeness and threatening to slap her. Assuming for the sake of argument that this is true, Plaintiff and her Psychiatrist only knows what she was going through. My Disability was caused from the Harassment, not the other way around. **Motion for Summary Judgment should go to PLAINTIFF in its entirety.**

## IV. There is Evidence to Support Plaintiffs Claim of Retaliation.

. The Legislative purpose of the provision is to encourage the Plaintiff to use the protection of the statute by reporting a violation and enhancing its enforcement. **Title VII has a retaliation provision that is similar to those of other statutes. 42 U.S.C. Sect. 2000 (e) (3)** provides that an employer cannot discriminate against an

employee "because she has opposed any practice by this subchapter or because she has made a charge, testified, assisted or participated in manner in an investigation or hearing. The Plaintiff feels that when she went to Upper Management and Human Resources because the Plaintiff felt it was the right thing to do. The Defendant and it's employees- Margaret Humphrey, Renee Cufee-Williams and Human Resources retaliated against her and terminated her. Plaintiff called Dep't. of Labor talked to Julie Cutler. She said it was because I had filed a lawsuit with them and the Defendant received the paperwork May 2nd, and was retaliating against Plaintiff. **(John Shehee vs. City of Wilmington, Parks and Recreation May 2002). The employer cannot discharge, demote, suspend, or Harass the employee as a retaliatory action. The whistle blower provisions may allow the employee to file a charge with a government agency, sue the employer or both.**

### V. There Is Evidence For Entering A Default Judgment Against MBNA Because The Defendant Did Fail To Answer Plaintiff's Complaint In A Timely Matter.

Once the complaint had been served, an answer to the complaint must have been filed within 20 days (60 days if the defendant is of the United States Government or an agent thereof).

Defendant failed to answer the Plaintiffs' complaint. The Plaintiff served the complaint in accordance and pursuant to Fed. R. CIV. P. 4 (c) (2) (c) [II]. Clerk of this office had notified the Plaintiff, in this court and was informed that the defendant had not answered the complaint by motion or had requested an extension of time. Rule 55-(a) (b) Fed. R. CIV. P. State in part; "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by Affidavit or otherwise" (b) judgment by default may be entered".

## CONCLUSION

For all the foregoing reasons, the Court should grant PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT:

Respectfully submitted,

*Janet L. Franklin*

YOUNG CONAWAY STARGATT & TAYLOR, LLF
/s/ *Teresa A. Cheek*
Teresa A. Cheek (Bar I.D. No. 2657) The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19801
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
Email: tchee@ycst.com
Attorneys for Defendant Dated:

September 24, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2006, I sent 2 true and correct copies by (First Class Mail); of the foregoing PLAINTIFF'S RESPONSE to the Defendant and this Certificate of Service to the Clerk of the Court.

    Janet L. Franklin (First Class Mail)
2199 Biggs Highway
Rising Sun, MD 21911
  (410)-658-6843

YOUNG CONAWAY STARGATT & TAYLOR, LLP

 /s/ *Teresa A. Cheek*
Teresa A. Cheek, Del. Bar No. 2657
The Brandywine Building, 17[1] Floor
1000 West Street P.O. Box 391 Wilmington, DE 19801
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
tchee@ycst.com
**Attorneys for Defendant**

Dated: September 24, 2006

JANET L. Franklin
2199 Biggs Hwy.
Rising Sun, MD 21911 STAFF MD 212

U.S.M.S.
X-RAY

Clerk of the Court
United States District Court
844 N. King St. Lockbox 18
Wilmington, DE. 19801-3570