IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANET LEIGH FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 04-1513 (GMS) |
| v. ) | |
| ) | |
| MBNA CORP., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

1.  **Introduction**

Plaintiff Janet Leigh Franklin ("Franklin"), proceeding *pro se*, filed the above-captioned action against MBNA America, N.A. ("MBNA") on December 13, 2004. (D.I. 2.) Franklin alleges in her complaint that MBNA terminated her employment in violation of the American with Disabilities Act ("ADA").[1] (*Id.*) Pending before the court are two cross-motions for summary judgment. (D.I. 38; D.I. 54.)

2.  **Background**

Franklin became an employee of MBNA in 1993 when MBNA purchased her employer, Southwestern States Bankcard Association, for whom Franklin worked since 1990. In August 2002, Franklin reported having conflicts with co-workers. Franklin complained to her manager and to MBNA's Human Resources Department after having a verbal altercation with one co-worker. In September 2002, Franklin reported that she was being harassed by two of her co-workers. By December 2002, Franklin was "hearing voices" in her head that everybody hated her. (D.I. 56, Franklin Dep. at A21.)

---

[1] In the reply brief in support of her motion for summary judgment, Franklin raises, for the first time, that MBNA violated her civil rights under Title VII. (D.I. 66.) The court has considered these arguments, procedurally and substantively, and finds them to be untimely and without support in the record.

3. On January 31, 2003, Franklin went to see a psychotherapist, Sharon Fisher. During that visit, Franklin revealed thoughts and intentions that led Fisher to admit Franklin to the Rockford Center, where she was treated on both an in-patient basis and in a partial-day program through March 2003. Psychiatrist Praful C. Desai, M.D. also evaluated, diagnosed and treated Franklin for mental illness. On June 25, 2004, Franklin was readmitted to the Rockford Center partial day program, and discharged on July 9, 2004. According to Dr. Desai, Franklin has been unable to work since January 31, 2003. Dr. Desai has certified that Franklin is permanently and totally disabled.

4. After her admission to the Rockford Center on January 31, 2003, Franklin received full pay while on a six-month period of short-term disability leave. After Franklin's short-term disability leave was exhausted, she applied for and received two years of long-term disability leave at full pay. In 2003, Franklin also applied for Social Security benefits, which were granted. After Franklin exhausted all of her paid disability leave and continued to be unable to work, MBNA terminated her employment on September 12, 2005. Franklin admits that her mental illness renders her permanently and totally unable to work. (D.I. 66; D.I. 69.)

5. **Legal Standard**

Summary judgment is appropriate where there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. Fed. R. Civ. P. 56(c). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

6. **Analysis**

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to a job

application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (1995). Under the ADA, a "qualified individual with a disability" is "an individual with a disability, who, with or without reasonable accommodation, can perform the essential functions of the employment position that individual holds or desires." 42 U.S.C. § 12111(8) (emphasis added). The Third Circuit has observed a two-part test to determine whether someone is a qualified individual with a disability, within the meaning of the ADA. First, an individual with a disability must prove that she "satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, licenses, etc." Gaul v. Lucent Techs., 134 F.3d 576, 580 (3d Cir. 1998) (citations omitted). Second, the individual must prove that she "can perform the essential functions of the position held or desired, with or without reasonable accommodation" at the time of the employment decision. Id.

7.  Here, for purposes of summary judgment, neither party disputes that Franklin has a disability within the meaning of the ADA. Nor is the first element of the two-part test disputed. Although both parties discuss the second element of the test in their papers, the court finds that there is no genuine dispute as to it either. In Motley v. N.J. State Police, the Third Circuit upheld summary judgment for the employer where the former employee had claimed to be permanently and totally disabled, had obtained pension benefits, and could not explain the discrepancy between his claim of permanent and total disability and the claim he was able to perform his job. 196 F.3d 160 (3d Cir. 1999). Nowhere in the record is the court aware of any claim by Franklin that, since her initial treatment at the Rockford Center, she has been able to perform the essential

functions of any job at MBNA. To the contrary, the record consistently reflects that Franklin and her doctors maintain that she has been totally and permanently disabled since January 31, 2003.

8.    The only dispute Franklin raises in opposition to MBNA's motion for summary judgment is the legal conclusion of whether she is a qualified individual under the ADA. The court holds that, in light of the undisputed evidence, she is not. As of September 2005, when MBNA terminated Franklin, the record reflects that she was unable to perform the essential functions of the position she held or desired, with or without reasonable accommodation. She had been rendered permanently and totally disabled due to mental illness.

9.    Franklin also claims in her papers that she asked managers at MBNA to transfer her to a different department so that she could avoid co-workers with whom she had conflict. This accommodation request, however, is immaterial for purposes of determining whether Franklin is a qualified individual under the ADA, where Franklin does not dispute that she is unable to work.

10.   **Conclusion**

Franklin admits, and her physician confirms, that she is totally and permanently disabled from working because of her mental illness. Therefore, as a matter of law, Franklin cannot be considered a "qualified individual with a disability," within the meaning of the ADA. As such, the court finds summary judgment in favor of MBNA.

IT IS HEREBY ORDERED that:

1. Plaintiff Janet Leigh Franklin's Motion for Summary Judgment (D.I. 38) is DENIED.

2. Defendant MBNA Corp.'s Motion for Summary Judgment (D.I. 54) is GRANTED.

Dated: March 30, 2007

UNITED STATES DISTRICT JUDGE

FILED

MAR 30 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE